UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

NCMD Case # 19CR543

v.

CASE NO. 8:09-CR-19-T33EAJ

18 U.S.C. § 2252A(a)(5)(A)
18 U.S.C. § 2253 - Forfeiture

ROBERT CLARKE

## INFORMATION

The United States Attorney charges:

### COUNT ONE

From an unknown date, and continuing through on or about April 29, 2008, while employed by and accompanying the Armed Forces outside the United States,

ROBERT CLARKE,

the defendant herein, did knowingly possess numerous items which contained child pornography, to wit: visual depictions of a minor engaging in sexually explicit conduct and the production of which involved the use of a minor engaging in sexually explicit conduct, said items having been mailed, shipped and transported in interstate and foreign commerce by computer, and which were produced using materials which had been so shipped and transported in interstate and foreign commerce.

All in violation of Title 18, United States Code, Sections 2252A(a)(5)(A) and (B) and (b)(2).

I CERTIFY THE FOREGOING TO BE A TRUE
AND CORRECT COPY OF THE ORIGINAL
CLERK OF COURT
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
BY: _____
DEPUTY CLERK

## FORFEITURES

1. The allegations contained in Count One of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provision of Title 18, United States Code, Section 2253.

2. The defendant, ROBERT CLARKE, shall forfeit to the United States of America, any visual depiction described in section 2251, 2251A, or 2252 of this chapter, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and any property, real or personal, used or intended to be used to commit or to promote the commission of offense, including but not limited to the following:

   1. One HP desktop computer;
   2. One Seagate Barracuda hard drive serial number 9QG1XGRT; and
   3. One Hitachi hard drive serial number VFJ201R810JDVX;

3. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided

without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provision of Title 21, United States Code, Section 853(p) [incorporated by Title 18, United States Code, Section 2253(b)].

A. BRIAN ALBRITTON<br>
United States Attorney

By: _____
JAY L. HOFFER
Assistant United States Attorney

By: _____
ROBERT A. MOSAKOWSKI
Assistant United States Attorney
Chief, Tampa Division